BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JAN 21 1972

IN RE KAUFFMAN MUTUAL FUND ACTIONS  )   DOCKET NO. 78

OPINION AND ORDER

BEFORE ALFRED P. MURRAH*, CHAIRMAN AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH
S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

In 1968 Joseph B. Kauffman filed an action in the United States District Court for the District of New Jersey against sixty-five (65) mutual funds, thirty-eight (38) investment advisers managing those funds, thirty-seven (37) directors affiliated with both the funds and the investment advisers, and the Investment Company Institute, the trade association representative for the mutual fund industry. The complaint **consisted** of three counts. Count 1 was brought for violations of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2, and alleged a conspiracy among the defendants to fix the schedule of management fees charged the funds and to refrain from competing for the business of externally-managed mutual funds or of investment advisers. Count 2 alleged violation of the Investment Company Act, of 1940, 15 U.S.C. §§ 80a-1 to -52, in connection with the brokerage practices of "give-ups" and

---

* Although Judge Alfred P. Murrah was unable to attend the hearing, he has, with the consent of the parties, participated in this decision.

"reciprocals."[1] Count 3 was brought under the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a -77hh, the Investment Advisers Act of 1940, 15 U.S.C. §§ 80b-1 to -21, and the Investment Company Act and alleged that the defendants had issued certain proxy statements and other announcements and reports which misstated and/or failed to disclose material facts concerning the alleged antitrust and Investment Company Act violations.

The district court allowed Kauffman to represent a class composed of all shareholders of the defendant funds, as well as representing all the funds derivatively. On appeal, however, Kauffman's standing was limited to derivative claims on behalf of the four funds in which he was a shareholder. Kauffman v. Dreyfus Fund, Inc., 434 F.2d 727 (3d Cir. 1970). Kauffman now asserts the antitrust allegations of Count 1 on behalf of those four funds against the other defendants and asserts the securities law counts against those four funds.

After the decision on appeal, the action was remanded to the District of New Jersey where the great majority of

---

[1] "Give-ups" are defined in paragraph 40 of plaintiff's uniform complaint as occurring where, pursuant to agreement, brokers executing portfolio transactions for a fund at the direction of an investment adviser execute such transactions for less than the commission paid them, giving the balance to other non-executing brokers. "Reciprocals," are defined by plaintiff in paragraph 41 as the providing of investment advisory and management services by brokers not executing portfolio transactions either for no charge or at a discount after the allocation to them of portions of commissions earned by executing brokers.

defendants moved for dismissal on venue grounds. It appears that Kauffman agreed not to contest these motions and consented to the transfer of the action, under 28 U.S.C. §1406(a), to the district courts previously designated by the defendants as ones wherein the action could have been brought. The district court severed the alleged securities law violations of Counts 2 and 3 from the antitrust claims of Count 1 and treated them separately for purposes of transfer. The result was the transfer of the antitrust action to nine additional districts and the separate transfer of the securities law action to two districts (in which antitrust actions were also pending).

After the transfers became effective, Kauffman moved the Panel for transfer of the ten antitrust and two securities law actions to the Southern District of New York under 28 U.S.C. §1407. He asserts that the identical allegations of the ten antitrust complaints raise common questions of fact concerning the existence of the alleged conspiracy among the defendants, including the Investment Company Institute, and the fraudulent concealment of that conspiracy. The securities law actions are said to be a necessary part of the litigation because they involve common defendants and rest, in part, on proxy law violations concerning failure to disclose the alleged antitrust violations.

All defendants responding to the motion have opposed transfer, urging two basic contentions. First they deny the

- 4 -

existence of sufficient questions of fact common to both the antitrust and securities law actions to justify coordinated pretrial proceedings. Second, they urge that despite the obvious common questions of fact in the antitrust actions Kauffman is precluded from seeking their transfer under Section 1407 by his prior conduct. Although we find the defendants' argument against inclusion of the securities law actions compelling, we deem it necessary, absent a voluntary plan for coordination of discovery, to transfer the antitrust actions for coordinated or consolidated pretrial proceedings and have concluded that the District of Massachusetts is the most appropriate transferee district.

The defendants have convincingly argued that, after the appellate decision limiting Kauffman's standing, the two securities law actions involve only the four mutual funds in which Kauffman holds stock. Obvious support for this contention is provided by the fact that the district court severed the antitrust counts from the securities law counts in its transfer under Section 1406(a). The fact that the defendants in these two actions are also among the parties in the antitrust counts and that one of the alleged securities law violations was their failure to disclose the alleged antitrust violations is not sufficient common factual background to tie the otherwise quite different groups of cases together. In re Scotch Whiskey Antitrust Litigation, 302 F. Supp. 239 (J.P.M.L. 1969).

The defendants' opposition to transfer of the antitrust cases, however, is unconvincing. They concede the existence of common questions of fact and apparently acknowledge the potential for duplication of effort and judicial inconsistency. At the hearing on this matter, it was suggested to the defendants that voluntary coordination of discovery by agreement of the defendants might be a workable alternative to transfer by the Panel and the defendants were given an opportunity to work out such a plan and submit it to the Panel. The defendants have not used the opportunity and apparently choose to rely on the arguments in opposition to transfer advanced in their briefs and at the hearing.

The defendants advance several arguments against transfer of the antitrust cases to a single district. They say that it would be unfair to order transfer of all defendants to one district for pretrial proceedings when defendants have expended considerable time and effort in defeating Kauffman's attempt to sue all defendants in one district. In essence, their argument is that Kauffman should not be able to secure from the Panel, under 28 U.S.C. §1407, what the venue provisions of federal law otherwise prohibit. However, the Panel's discretion under Section 1407 is not limited by venue considerations and the fact that defendants may not all be amenable to suit in the same jurisdiction does not prevent their transfer to a single district for pretrial proceedings where the prerequisites of Section 1407 are otherwise satisfied.

- 6 -

Defendants also argue that Section 1407 should not be used to further litigation of questionable merit. Kauffman's complaint must be presumed meritorious at this stage of the litigation, however. The framers of Section 1407 did not contemplate that the Panel would decide the merits of the actions before it and neither the statute nor the implementing Rules of the Panel are drafted to allow for such determinations. If defendants are correct in their contention that the complaints are unmeritorious, the most fair and efficient way for them to obtain dismissal is to place the question before a single judge, rather than allowing ten groups of defendants to proceed separately over the same common factual background before ten different judges. Transfer will also be beneficial if the actions proceed beyond preliminary motions to dismiss for it seems certain that common discovery requests will produce common objections and that the common allegations of the complaint will produce common defenses. Transfer to a single district for pretrial proceedings is the only way in which duplication of effort by court and counsel and possible inconsistent judicial treatment can be avoided.

Plaintiffs have proposed that the actions be transferred to the Southern District of New York and a number of defendants have agreed to this choice in the event transfer is ordered. We have concluded, however, that all antitrust actions should be transferred to the District of Massachusetts. Fifty-one (51) of the defendants are said to have their principal offices in the

CORRECTED

Southern District of New York and forty-four (44) in the District of Massachusetts. The remaining thirteen (13) defendants are from the eight other districts and will find it no more inconvenient to travel to Massachusetts than to New York. The choice between Massachusetts and New York is relatively close in terms of convenience to the parties.

The deciding factor in our estimation is the more current docket in the District of Massachusetts. The most recent statistics on that subject indicate a median interval from issue to trial of fifteen months in all trials in the District of Massachusetts and of thirty months in all trials in the Southern District of New York. Annual Report of the Director of the Administrative Office of the United States Courts (1971), Table C-10. In this complex litigation, Section 1407's goal of expetition will best be served by transfer to the District of Massachusetts.

IT IS THEREFORE ORDERED that all actions listed on the attached Schedule A pending in districts other than the District of Massachusetts be, and the same hereby are, transferred to the District of Massachusetts and, with the consent of that court, are hereby assigned to the Honorable Raymond J. Pettine, sitting in the District of Massachusetts, for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407.

IT IS FURTHER ORDERED that the motion to transfer the actions listed on Schedule B be, and hereby is, DENIED.

DOCKET NO. 78  SCHEDULE A

### DISTRICT OF MASSACHUSETTS

Joseph B. Kauffman, etc. v. The Dreyfus Fund, Inc., Civil Action
et al.  71-1408-G

### SOUTHERN DISTRICT OF NEW YORK

Joseph B. Kauffman, etc. v. The Dreyfus Fund, Inc., Civil Action
et al.  71 Civ. 3009

### NORTHERN DISTRICT OF ILLINOIS

Joseph B. Kauffman, etc. v. The Dreyfus Fund, Inc., Civil Action
et al.  71 C 1652

### DISTRICT OF COLORADO

Joseph B. Kauffman, etc. v. The Dreyfus Fund, Inc., Civil Action
et al.  C-3240

### DISTRICT OF COLUMBIA

Joseph B. Kauffman, etc. v. The Dreyfus Fund, Inc., Civil Action
et al.  1381-71

### DISTRICT OF MARYLAND

Joseph B. Kauffman, etc. v. The Dreyfus Fund, Inc., Civil Action
et al.  71-725

### DISTRICT OF MINNESOTA

Joseph B. Kauffman, etc. v. The Dreyfus Fund, Inc., Civil Action
et al.  3-71-176

### CENTRAL DISTRICT OF CALIFORNIA

Joseph B. Kauffman, etc. v. The Dreyfus Fund, Inc., Civil Action
et al.  71-1695-WPG

### NORTHERN DISTRICT OF CALIFORNIA

Joseph B. Kauffman, etc. v. The Dreyfus Fund, Inc., Civil Action
et al.  71-1346-SC

### DISTRICT OF NEW JERSEY

Joseph B. Kauffman, etc. v. The Dreyfus Fund, Inc., Civil Action
et al.  1348-68

DOCKET NO. 78                                                    SCHEDULE B

## DISTRICT OF MASSACHUSETTS

Joseph B. Kauffman, etc. v. Fidelity Trend Fund, Inc.,   Civil Action
et al.   71-1407-G

## SOUTHERN DISTRICT OF NEW YORK

Joseph B. Kauffman, etc. v. The Dreyfus Fund, Inc.,   Civil Action
  et al.   71 Civ. 3256